# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLAL DEKKAR, also known as Billal Idris Dekkar, also known as Billal Salah Dakkar, also known as Idris Dekkar, also known as Khal Idris, also known as Idris Potts, also known as Guillian Idris, also known as William Jeffries, also known as Jeffries Mader, also known as William Poole,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-159-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Billal Dekkar pleaded guilty, pursuant to a plea agreement, to one count of wire fraud and one count of aggravated identity theft. The district court sentenced Dekkar to consecutive sentences of 60 months on the wire fraud count and 24 months on the identity theft count and concurrent terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50421

supervised release of three years and one year, respectively.  Dekkar argues on appeal that counsel rendered ineffective assistance by advising him to cooperate with law enforcement in the investigation of his case and that if he had not done so, the Government would not have been aware of fraud on a certain victim's American Express card that was later used against him.  Dekkar asserts that he would have had a better chance of prevailing at trial if he had not debriefed with the police, and he likely would not have waived his right to a jury trial in exchange for a plea bargain.

This court generally does not review claims of ineffective assistance of counsel on direct appeal.  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).  We have "undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).  In most instances, we qualify a claim as a "rare case" warranting review only when it was raised and developed in a post-trial motion to the district court. *United States v. Stevens*, 487 F.3d 232, 245 (5th Cir. 2007).  Dekkar did not raise this ineffective assistance claim in the district court at any time.  Because the record is not sufficiently developed to allow for a fair consideration of the claim, we decline to consider it on direct appeal without prejudice to Dekkar's right to raise the claim on collateral review.  *See Isgar*, 739 F.3d at 841.

The judgment of the district court is AFFIRMED.